IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| MICHAEL S. TILOTTA,<br>TDCJ-CID NO. 1102578, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. V-07-016 |
| THE HONORABLE JUDGE LINDA<br>MOTHERAL, et al., | §<br>§<br>§ | |
| Defendants. | §<br>§ | |

## MEMORANDUM OPINION AND ORDER

Michael S. Tilotta, an indigent inmate of the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), has filed a civil rights complaint, under 42 U.S.C. § 1983, challenging a state court order terminating his parental rights. Tilotta seeks a temporary injunction preventing another party from adopting the child at issue. He further seeks an order allowing him to relitigate the issue and to set aside all bars and limitations. Finally, Tilotta requests that this court provide him an attorney as well as access to records so that he may effectively prosecute his § 1983 suit. The court will grant Tilotta's Application to Proceed In Forma Pauperis and dismiss this action as frivolous.

## I. Claims and Allegations

Tilotta lists his former daughter Clara Hope Tilotta as his co-plaintiff. Tilotta has named the following officials and individuals as defendants to this suit: the Honorable Linda Motheral, Judge for the 257th State District Court; Dewana Smith, Tilotta's ex-wife and Clara's mother; Bob Smith,

Dewana's father; George L. Lewis, Jr., Tilotta's former trial attorney; and Allyson N. Brupbacher, Clara's attorney ad litem.

Tilotta asserts that Judge Motheral violated his rights to equal protection and due process under the Fifth and Fourteenth Amendments.  He further contends that Judge Motheral denied him the right to appointed counsel and the right to call and confront witnesses under the Sixth Amendment.  Tilotta also argues that Judge Motheral violated the Ninth Amendment by terminating the parent-child relationship between him and his daughter and that any violation of the Fourteenth Amendment by a judge is a breach of fiduciary duty.

Tilotta states that Dewana Smith violated his Ninth Amendment rights by interfering with his ability to provide care and companionship for Clara.  He maintains that Dewana has deprived Clara of her liberty and property by terminating the parental relationship.  In doing so, Dewana has denied Clara of the opportunity to get to know her father and to inherit from him.  Tilotta alleges that Dewana lied under oath and withheld evidence from him.  He also alleges that Bob Smith aided Dewana's efforts to deprive him of his child.  Tilotta implies that there was a conspiracy between the State and the Smiths for the purpose of terminating his parental rights.

Tilotta contends that Brupbacher failed to protect Clara's rights by condoning the termination of the parent-child relationship, including the elimination of Clara's right to inherit from Tilotta.  Tilotta also alleges that Brupbacher committed perjury.

Tilotta complains that George Lewis provided ineffective assistance of counsel by failing to appeal the court's order terminating his parental rights and then failing to take any action to correct his error.  In raising this claim, Tilotta alludes to the standards set out in *Strickland v. Washington*, 104 S.Ct. 2052 (1984), which he allegedly raised in a state habeas application.

2

In presenting his complaint, Tilotta asserts that his incarceration should toll the limitations period.  He alleges that his two year assignment to the TDCJ-CID Garza East Transfer Unit after the termination of his parental rights limited his ability to research civil rights issues.  Tilotta complains that the § 1983 forms available at the unit library were worded to indicate that § 1983 complaints were only filed with regard to conditions of confinement.  He further contends that a four year statute of limitations period applies to this proceeding due to Judge Motheral's and the attorneys' breach of their fiduciary duties.  He also asserts that he challenged the termination in a state application for a writ of habeas corpus filed under Article 11.07 of the Texas Code of Criminal Procedure and contends that the post judgment proceeding further tolled the limitations period.

Tilotta complains that he was denied due process by the fact that his rights as a parent were terminated by a suit filed by his former wife and not by a government authority such as the District Attorney's Officer or the Children's Protective Services.  He reasons that by filing the suit, his ex-wife, along with his former father-in-law were behaving as state actors by denying him his constitutional rights.

Tilotta further complains that he was denied counsel in violation of his rights.  He acknowledges that Texas law does not mandate court appointed counsel when a state agency has not filed the termination suit; however, he argues that the statute should be changed.

Tilotta specifically complains that Judge Motheral violated his rights by failing to declare that he was indigent and by not responding to his attempt to communicate with the court.  He further complains that Judge Motheral did not allow him an opportunity to correct errors including a hearing concerning his affidavit to establish his indigence.  He alludes to the unsuccessful appeal which was dismissed due to the lack of a timely affidavit of indigence.  He states that although there was a

hearing, he did not have a fair opportunity due to a lack of adequate notice and that although the court's procedures were legal, they were not ethical.

In summary, Tilotta contends that his parental rights were wrongly terminated by the court officials and his former wife along with her father.  He complains that the state found that he had failed to perform his parental duties after rendering him incapable of meeting his obligations; i.e., imprisonment.  He further complains that his ex-wife prevented him from maintaining any meaningful father-daughter relationship.

## II. Analysis

There are many reasons that Tilotta has failed to establish an actionable claim. His arguments regarding timeliness are not supported.  In a § 1983 action, the court looks to the forum state's personal-injury limitations period.  *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998)*, citing Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994).  In Texas, the statute of limitations period is two years after the date on which the cause of action accrued.  TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).   The termination was final more than two years before the complaint was filed.  *See Tilotta v. Tilotta*, No. 01-04-0219-CV, 2004 WL 1795144 (Tex. App. [1st Dist.] Aug. 12, 2004). Moreover, Tilotta's imprisonment does not toll the limitations period.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998).  However, this case will not be dismissed as untimely.  Instead, the court will dismiss it because Tilotta's claim is legally baseless and is asserted against defendants who are immune from suits under 42 U.S.C. § 1983.

Tilotta's objective in filing this suit is a federal court order overturning a state family district court's decree terminating his parental rights. It has long been held that the subject of domestic

relationship disputes "belongs to the laws of the States and not to the laws of the United States." *Ex Parte Burrus*, 10 S.Ct. 850, 852-53 (1890). As a general principal, the federal courts do not exercise jurisdiction over such proceedings which are within the province of the state courts. *See Kahn v. Kahn*, 21 F.3d 859, 861 (8th Cir. 1994); *Congleton v. Holy Cross Child Placement Agency*, 919 F.2d 1077, (5th Cir. 1990); *Rowell v. Oesterle*, 626 F.2d 437 (5th Cir. 1980). Federal courts traditionally decline to adjudicate domestic relations disputes even where the requirements for diversity jurisdiction are met. *Brown v. Hammonds*, 747 F.2d 320, 322 (5th Cir. 1984).

Tilotta attempts to characterize this proceeding as a constitutional matter by alleging that he was wrongly denied counsel. Indigent parents have a constitutional right to due process when the state seeks to sever the parent-child relationship. *See Santosky v. Kramer*, 102 S.Ct. 1388 (1982). However, court appointed counsel is not required in every termination case. *Lassiter v. Department of Social Services*, 101 S.Ct. 2153 (1981). Instead, the courts are to consider a parent's right to counsel on a case-by-case basis. *Id.* While acknowledging the significance of the parent-child relationship, the Supreme Court held that a parent does not have a constitutional right to counsel and that such a right exists only where an individual is at risk of "being deprived of his physical liberty." *Id.* at 2159. The parent's incarceration, although clearly placing him at disadvantage in defending himself in a termination suit, does not entitle him under the Constitution for a court appointed counsel. *Glover v. Johnson*, 75 F.3d 264, 269 (6th Cir. 1996).

The Texas Family Code mandates court appointed counsel for parents where a suit affecting the parent child relationship is brought by a government agency. TEX. FAM. CODE § 107.013 (Vernon Supp. 2005). However, the state trial courts are not required to appoint counsel when the suit is brought by a party other than the government. TEX. FAM. CODE § 107.021 (Vernon Supp.

2005).  It is clear from the pleadings and the available state court records that Tilotta's ex-wife sought the termination, not the state.  *See also Tilotta v. Tilotta*, 2004 WL 1795144.

Further, it is apparent that Tilotta did have access to counsel at least at some point during the process.  *See Tilotta v. Tilotta*, 2004 WL 1795144.   Tilotta names his trial attorney, George L. Lewis, Jr., as a defendant in his pleadings.  Lewis, along with Allyson N. Brupbacher, the child's attorney ad litem, are not properly joined as parties to this civil rights suit because they are attorneys and not state actors. *Mills v. Criminal District Court #3*, 837 F.2d 677, 679 (5th Cir. 1988).  Tilotta's claims of ineffective assistance of counsel are not cognizable in an action brought under § 1983. *Hudson v. Hughes*, 98 F.3d 868, 873 (5th Cir.1996).

Like Brupbacher and Lewis, Dewana Smith and Bob Smith, who are defendants because they are the mother and grandfather of Clara, are not subject to a suit under § 1983 because they are private citizens and clearly not state actors. *See Morris v. Dillard Depot Stores, Inc*., 277 F.3d 743 (5th Cir. 2001).  There are instances when a private actor may be held liable due to his participation in a conspiracy with a state official; however, Tilotta's allegations are too vague to imply that there was an agreement between the Smiths or the attorneys and any official to violate his rights and that the officials actually carried out the agreed plan.  *Cine v. Cannock*, 15 F.3d 1338, 1343 (5th Cir. 1994).

Tilotta's contentions concerning his rights under the Ninth Amendment are obscure and unsupported by any specific facts.  Regardless of his allegations, Tilotta's reliance on the Ninth Amendment is unavailing.  Although the Ninth Amendment and the Fourteenth Amendment protect the family's right of privacy, this right does not prevent the state from taking action to prevent a parent from harming his child. *E.Z. v. Coler*, 603 F.Supp. 1546, 1559 (N.D. Ill. 1985), *aff'd*, 801

F.2d 893 (7th Cir. 1986), *citing Wyman v. James*, 91 S.Ct. 381, 386 (1971). *See also Gedrich v. Fairfax County Dept. of Family Services*, 282 F.Supp.2d 439, 468 (E.D. Vir. 2003).

In summary, Tilotta challenges the decisions Judge Motheral made during the state legal proceedings which resulted in the termination of his parental rights. Tilotta's allegations, including those that indicate ineffective assistance of counsel, fail to assert an actionable claim in this proceeding. *Rowell v. Oesterle*, 626 F.2d 437 (5th Cir. 1980) (mother in child custody dispute was not denied constitutional right although court refused her request for counsel and her attorney, retained for an earlier proceeding, was ineffective).

Tilotta has filed this action as a prisoner and a pauper. The court is authorized to dismiss such actions if they are frivolous. 28 U.S.C. § 1915(e); 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or fact. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). This complaint has no merit and, therefore, will be **DISMISSED** as frivolous.

Tilotta has recently filed a Motion for a Temporary Restraining Order (Docket Entry No. 6) in which he seeks to prevent Dewana Smith from initiating any adoption proceedings with regard to Clara Hope Tilotta. To obtain a such an injunction, the plaintiff must show: (1) a substantial likelihood of ultimate success on the merits; (2) an injunctive order is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the injunctive order would inflict on the non-movant; and (4) the injunctive order would serve the public interest. *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 418-420 (5th Cir. 2001). The motion will be **DENIED** for the reasons stated in this Memorandum Opinion and Order.

Tilotta's Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**. However, Tilotta is **ORDERED** to pay the entire filing fee as soon as funds become available.  28 U.S.C. § 1915(b).  The TDCJ-CID Inmate Trust Fund is **ORDERED** to withdraw $ 6.00 from Tilotta's inmate trust account (# 1102578) and forward the funds to the Clerk.  Thereafter, the TDCJ-CID Inmate Trust Fund shall deduct 20% of each deposit made to Tilotta's inmate trust account and forward the funds to the Clerk on a regular basis, in compliance with 28 U.S.C. § 1915(b)(2), until the entire fee ($ 350.00) has been paid.

### III. Conclusion

The court **ORDERS** the following:

1.    This cause of action, filed by Inmate Michael Tilotta, TDCJ-CID # 1102578, is **DISMISSED** as frivolous.  28 U.S.C. § 1915(e); 28 U.S.C. § 1915A.

2.    The Application to Proceed In Forma Pauperis (Docket Entry No. 2) is **GRANTED**.

3.    The Texas Department of Criminal Justice - Institutional Division Inmate Trust Fund is **ORDERED** to collect the filing fee and forward it to the court as provided in this Memorandum Opinion and Order.

4.    The Motion for a Temporary Restraining Order (Docket Entry No. 6) is **DENIED**.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties; the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas  78711, Fax Number (512) 936-2159; and the Pro Se Clerk's Office for the United States District Court, Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas  75702.

**SIGNED** on this 29th day of May, 2007.

John D. Rainey

———————————————————
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE